IN THE COUNTY COURT OF JACKSON COUNTY, MISSISSIPPI

**FILED**

JAN 16 2026

RANDY CARNEY, CLERK

BY_____ D C

JULI KRISTIN FARR                                                                 PLAINTIFF

v.                                                                        CAUSE NO. 26-17 KJ

MEMORIAL HEALTH SYSTEMS; SATJIT ADLAKHA
And JOHN DOE BUSINESS 1-5.                                                DEFENDANTS

JURY TRIAL DEMANDED

---

## COMPLAINT
### SERVED WITH DISCOVERY

---

This is an action to recover actual and punitive damages for harassment and retaliation in violation of Title VII and Mississippi Law. The following facts support the action:

1.

Plaintiff, Julie Kristin Farr is an adult resident citizen of Jackson County, Mississippi, who may be contacted through undersigned Counsel.

2.

Defendant Memorial Health Systems is a political subdivision of Harrison County, Mississippi, organized and existing pursuant to the Community Hospital statutes of the State of Mississippi, and may be served with process upon its Chief Executive Officer, Kent Nicaud at 4500 13th Street, Gulfport, MS 39501.

Defendant Satjit Adlakha is an adult resident citizen of Ocean Springs, Mississippi who may be served with process at 319 East Beach Drive, Ocean Springs, Mississippi 39564.

Defendants designated as John Doe Business 1 through 5 are, based upon information and belief, certain unknown and unnamed persons and/or entities who may be liable for the

EXHIBIT 1

claims asserted herein, who include, but are not limited to, agents, servants, employees, representatives, affiliates, parents, subsidiaries, joint-tortfeasors, tortfeasors, contractors, co-conspirators, joint adventurers, partners, stockholders, or any other related person or entity of the named Defendants and/or any and all other persons who may be liable to Plaintiff for the claims asserted herein.  Plaintiff will amend her Complaint once the identities of the unknown Defendants are learned.

3.

This court has jurisdiction and venue is proper, because Plaintiffs' employment relationship with the Defendant/s was based out of and revolved around Jackson County in the state of Mississippi.

4.

Julie Kristin Farr (hereinafter Farr) was an employee of Memorial Health Systems and was working for the Gulf Coast Heart Institute. Farr never had any work-related issues.

5.

In September 2024, after seeing the last patient for the day, Dr. Adlakha stated that he wanted to have a celebratory drink with the office staff for "making it through their first week using their new computer system,"

6.

Dr. Adlakkha poured drinks for Farr, another coworker, and himself. Farr was sitting in her office putting documents away when Dr. Adlakkha came into her office. Dr. Adlakkha stood behind Farr and placed his hands on her shoulders, then her back and waist. Farr asked what he was doing and his response was "you don't like that?" to which Farr replied he needed to stop.

7.

As Dr. Adlakkha stepped away from Farr, he nudged her breast. He then left her office.

8.

Shortly after leaving, Dr. Adlakkha returned to Farr's office and placed his hands on Farr's shoulders again and tried to make small talk. This time, Dr. Adlakkha also pressed his genital area into Farr's back. Farr then told him he needed to stop right now and then when an opening presented itself, she left the clinic.

9.

Farr reported this incident to HR and was forced to move to a different clinic farther away from her house instead of any action being taken by Memorial to protect Farr. No punishment was given to Dr. Adlakkha. Dr. Adlakkha has admitted to what happened, but has verbally threatened Farr and her husband that if they make any of the facts public that Dr. Adlakkha would come after them personally and punish them, going so far as sending a cease-and-desist letter to Farr. Memorial has allowed Dr. Adlakkha to retaliate, harass, and threaten Farr without repercussion, all in violation of Title VII.

CLAIMS FOR RELEIF

10.

The Defendant Memorial forced Farr to move clinics out of retaliation rather than reprimanding Dr. Adlakkha or taking action to protect Farr, all in violation of Title VII. Farr is not the only nurse harassed and mistreated by Dr. Adlakkha, but others have been "chilled" and are afraid to make their claims public out of fear of retaliation from Dr. Adlakkha and Memorial.

11.

Defendant Dr. Adlakkha has undertaken a course of action to harass and intimidate Farr because of Dr. Adlakkha's own unlawful actions. The actions of Dr. Adlakkha are vile, intentional, reckless and not attributable to or welcome in a civil society. Dr. Adlakkha's action constitute the torts of intentional infliction of emotional distress, menace, and/or negligent infliction of emotional distress.

## PRAYER FOR RELIEF

Plaintiff prays for actual, compensatory, pecuniary, non-pecuniary, special, and punitive damages in the amount to be determined by a jury and for reasonable attorney's fees.

THIS the 16 day of January, 2026.

Respectfully submitted,
JULI KRISTIN FARR

DANIEL M. WAIDE, MSB #103543

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net

To: 6017142202                    From: Reception Reception              3/4/2025 9:51:27 AM     p. 3 of 4

Case: 30CI1:26-cv-00017-KJ     Document #: 2     Filed: 01/16/2026     Page 5 of 7

EEOC Form 5 (501)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ___ FEPA  _X_ EEOC | |

_____ and EEOC

State or local Agency, if any

| Name (indicate Mr. Ms. Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| Juli Kristian Farr | 601-███████ | ███████ |

| Street Address | City, State and ZIP Code |
|---|---|
| ████████████ | Pascagoula, MS 39657 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Memorial Health Systems | 50+ | 228-867-4000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4500 13th Street, Gulfport, MS 39501 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ___ RACE  ___ COLOR  _X_ SEX  ___ RELIGION  ___ NATIONAL ORIGIN  _x_ RETALIATION  ___ AGE  ___ DISABILITY  ___ OTHER (Specify below.) | Earliest            Latest  9/6/2024  _X_ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):

I worked for Dr. Adlakha at his clinic located at 3111 Shortcut Rd, Pascagoula. On Friday Sept 6th after seeing our last patient for the day at approximately 12:40pm. Dr Adlakha said he wanted to have a celebratory drink that he bought, with the office for making it through our first week with our new computer system. The drink had just been poured for me Dana and Dr. Adlakha. Jessica was up front getting caught up from our first week with the new system. I went to my office and sat in my stool to put my documents away. I had only had a sip before Dr. Adlakha came in to my office and stood behind me and put his hands on my shoulders then worked his way to my back then down my sides to my waist. I said to him "What are you doing?". He replied "You don't like that?". I said no you need to stop. But he went back to my shoulders and said ok I will stop. I was in complete shock and on the verge of tears and just kept staring at my computer screen. I couldn't move any closer to my desk to get him off of me. I said to him I'm serious, you need to stop. He stepped to the left side of me and purposefully nudged my left breast. After being violated I immediately threw my drink away. He walked out of my office up to the front desk and said something to Jess. I did hear her say "No I'm going to be here for a while". Shortly after, he proceeds to come back into my office before I can gather my thoughts and belongings to leave. I also did not want to leave Jessica there by herself with him still there in case he tried the same with her. After he walked back into my office he put his hand on my shoulders again and tried to make small talk. I could feel him press his genital area/region on my back. I told him I am not joking he needed to stop right now. He finally walked away trying to do small talk and I continued to stare at my computer screen and soon after he left the office. I left a couple minutes after him to make sure he was gone so I would not run into him on my way out. After I left, I immediately called my husband Jordan, hysterically to tell him what had just happened.

I reported all of this to HR and as my "reward" I was forced to move to another clinic much further away making me miss time with my family. The doctor has never been reprimanded or punished. Recently, despite admitting to what happened at the time, we have learned that the doctor has threatened to sue me and/or my husband for slander.

EXHIBIT

A

To: 6017142202    From: Reception Reception    3/4/2025 9:51:27 AM    p. 4 of 4

| I want the EEOC to investigate my claims under Title VII. | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies If I change my address or phone number and I will cooperate fully with them In the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLANANT |
| 2/26/2025 *Kristann Finn*<br>Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Jackson Area Office
100 West Capitol Street, Suite 338
Jackson, MS 39269
(769) 487-6910
Website: www.eeoc.gov

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 11/14/2025

To:  Juli K. Farr

███████████

Osyka, MS 39657

Charge No: 423-2025-00947

EEOC Representative and email:   JOYCELYN HUMES
EQUAL OPPORTUNITY INVESTIGATOR
JOYCELYN.HUMES@EEOC.GOV

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of EEOC's official notice of dismissal. You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 423-2025-00947.

On behalf of the Commission,

# Eszean McDuffey

Digitally signed by
Eszean McDuffey
Date: 2025.11.14
17:03:29 -06'00'

Eszean McDuffey
Area Office Director

cc: Haley Zelenka
Memorial Hospital
hzelenka@mhg.com

Shona Reaves
Memorial Hospital
sreaves@mhg.com

Daniel M. Waide
Attorney at Law
dwaide@jhrlaw.net

Please retain this Notice for your records.



EXHIBIT

B