## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRCIT OF MISSISSIPPI
## SOUTHERN DIVISION

**JULI KRISTEN FARR**                                        **PLAINTIFF**

**VS.**                        **CIVIL ACTION NO. 1:26-cv-00062-LG-BWR**

**SATJIT ADLAKHA AND**
**JOHN DOES BUSINESS 1-5**                        **DEFENDANTS**

## DEFENDANT, SATJIT ADLAKHA'S ANSWER TO COMPLAINT

COMES NOW, Defendant, **SATJIT ADLAKHA** (hereinafter "Dr. Adlakha),

by and through his attorneys, BRYAN, NELSON, SCHROEDER, CASTIGLIOLA &

BANAHAN, PLLC, in the above styled and numbered cause, and files this his Answer

to Complaint exhibited against him, and would state as follows, to-wit:

## FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND DEFENSE

This Defendant hereby incorporates and pleads any and all defenses

enumerated in Rule 12(b) of the Federal Rules of Civil Procedure that may be

applicable to this cause and specifically reserves the right to raise any of the

objections and defenses therein stated.

## THIRD DEFENSE

This Defendant would answer each paragraph of the Complaint as follows:

### 1.

This Defendant is without sufficient information to admit or deny the

allegations contained in paragraph 1 of the Complaint; therefore, those allegations

are denied.

**2.**

The allegations in the first sentence of paragraph 2 of the Complaint are not directed to this Defendant and, therefore, require no response from this Defendant. This Defendant admits the allegations in the second sentence of paragraph 2 of the Complaint. The allegations in the third sentence of paragraph 2 of the Complaint are not directed to this Defendant and, therefore, require no response from this Defendant. This Defendant is without sufficient information to either admit or deny the allegations in the fourth sentence of paragraph 2 and, therefore, denies the allegations. Except as expressly admitted, this Defendant denies the remaining allegations in paragraph 2.

**3.**

This Defendant admits the Circuit Court of Jackson County, Mississippi has concurrent jurisdiction over the parties and the subject matter of the Complaint, but this Defendant asserts that the United States District Court for the Southern District of Mississippi, Southern Division, is the appropriate venue. The lawsuit has been timely and properly removed to federal court.

**4.**

This Defendant admits that Juli Kristin Farr was an employee of Memorial Health System and was working for the Gulf Coast Heart Institute. The remaining allegations of paragraph 4 of the Complaint are denied.

**5.**

This Defendant denies the allegations of paragraph 5 of the Complaint, as worded.

**6.**

This Defendant denies the allegations of paragraph 6 of the Complaint.

**7.**

This Defendant denies the allegations of paragraph 7 of the Complaint.

**8.**

This Defendant denies the allegations of paragraph 8 of the Complaint.

**9.**

This Defendant denies the allegations of paragraph 9 of the Complaint.

## CLAIMS FOR RELIEF

**10.**

The allegations in the first sentence of paragraph 10 of the Complaint are not directed to this Defendant and require no response from this Defendant. To the extent any allegation in the first sentence of paragraph 10 of the Complaint can be construed as a claim or allegation against this Defendant, it is denied. This Defendant denies the allegations in the second sentence of paragraph 10 of the Complaint.

**11.**

This Defendant denies the allegations of paragraph 11 of the Complaint.

## PRAYER FOR RELIEF

**12.**

This Defendant denies the allegations of the last unnumbered paragraph under the heading of "PRAYER FOR RELIEF," and denies that he is indebted to the Plaintiff in any sum whatsoever.

## FOURTH DEFENSE

This Defendant avers that any allegations or averments contained in the Complaint, which have not been expressly admitted by the above and foregoing Answer, are denied, it being the intent of this Defendant to controvert all averments not expressly admitted.

## FIFTH DEFENSE

This Defendant further avers, affirmatively and alternatively, that such injuries and damages, if any, as may have been sustained by the Plaintiff, were not proximately caused by the actions or conduct of this answering Defendant.

## SIXTH DEFENSE

This Defendant further avers, affirmatively and alternatively, that he has no liability to the extent that such injuries and damages, as may have been sustained by the Plaintiff, were the result of subsequent, intervening or superseding causes or events and not as a result of any action on the part of this Defendant.

## SEVENTH DEFENSE

This Defendant would state affirmatively that there is no basis in law or in fact for the allegations of the Complaint seeking punitive damages, and, as such, this Defendant requests appropriate sanctions pursuant to the Litigation Accountability Act and Rule 11 for the Plaintiff asserting a claim for punitive damages in this matter.

## EIGHTH DEFENSE

This Defendant affirmatively pleads all defenses available to it pursuant to Rule 8(c) of the Federal Rules of Civil Procedure.

## NINTH DEFENSE

This Defendant denies that he is guilty of any conduct which entitles Plaintiff to recover punitive damages.

## TENTH DEFENSE

This Defendant avers that the Complaint fails to state a claim upon which punitive damages may be awarded to the Plaintiff.

## ELEVENTH DEFENSE

This Defendant avers that any award of punitive damages to Plaintiff in this case will be in violation of the constitutional safeguards provided to the Defendant under the Constitution of the State of Mississippi.

## TWELFTH DEFENSE

This Defendant avers that any award of punitive damages to Plaintiff in this case will be in violation of the Constitutional safeguards provided to the Defendant under the due process clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Mississippi Law is vague, is not based upon any objective standards, is in fact, standardless, and is not rationally related to legitimate governmental interests.

## THIRTEENTH DEFENSE

This Defendant avers that any award of punitive damages to Plaintiff in this case will be in violation of the procedural safeguards provided to the Defendant under the Sixth Amendment to the Constitution of the United States in that punitive

damages are penal in nature and consequently, the Defendants are entitled to the same procedural safeguards accorded to criminal Defendants.

## FOURTEENTH DEFENSE

This Defendant affirmatively pleads that every element of the Plaintiff's claims for punitive damages must be proven beyond a reasonable doubt because without such proof, said claim would violate the Defendant's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and under Article 3, Section 14 of the Mississippi Constitution.

## FIFTEENTH DEFENSE

Plaintiff's claim of punitive damages violates Article I, and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

A. It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the plaintiff satisfying a burden of proof which is less than a "beyond a reasonable doubt" burden of proof required in criminal cases;

B. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

C. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendants, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

D. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

E.  The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution;

F.  The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution.

## SIXTEENTH DEFENSE

Plaintiff's claim of punitive damages violates the due process clause of Article 3, Section 14 of the Constitution of Mississippi on the following grounds:

A.  It is a violation of the due process clause to impose punitive damages, which are penal in nature upon civil Defendants upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

B. The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Defendant;

C.  The procedures pursuant to which punitive damages are awarded are unconstitutionally vague and not rationally related to legitimate governmental interests;

D.  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

E.  The award of the punitive damages in this action constitutes a deprivation of property without due process of law; and

F.  It is a violation of the due process clause to impose punitive damages against The Defendants which are penal in nature, yet compels a defendant to disclose potentially incriminating documents and evidence.

<h2 style="text-align:center"><u>SEVENTEENTH DEFENSE</u></h2>

The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

<h2 style="text-align:center"><u>EIGHTEENTH DEFENSE</u></h2>

The award of punitive damages against the Defendant would violate the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in <u>BMW v. Gore,</u> 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), on the following grounds:

A. It is a violation of this Defendant's right to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;

B. It is a violation of due process to subject this Defendant to punitive damages without providing this Defendant fair notice of the conduct that will subject her to punishment and the severity of the penalty that may be imposed; and

C. It is a violation of this Defendant's right to due process to impose punitive damages which are grossly excessive.

<h2 style="text-align:center"><u>NINETEENTH DEFENSE</u></h2>

This Defendant further avers, affirmatively and alternatively, that no punitive damages may be awarded under the allegations set forth in the Complaint as a matter of law. This Defendant further avers that no hearing may be conducted regarding the imposition of punitive damages until after there has first been a determination of both liability and alleged actual or compensatory damages, and the Defendant is entitled to and hereby asserts his right to a bifurcation of proceedings, application of

the clear and convincing evidence standard, and other statutory requirements as to the conduct of proceedings with respect thereto.

## TWENTITH DEFENSE

Plaintiff's claims may be barred, in whole or in part, to the extent she has failed to mitigate her alleged damages or other losses, as required by law.

## TWENTY-FIRST DEFENSE

This Defendant expressly denies that he acted in any manner which constitutes unlawful discrimination or retaliation.

**NOW HAVING FULLY ANSWERED** the Complaint exhibited against him and having set forth his affirmative defenses, this Defendant, **SATJIT ADLAKHA, M.D.** requests that this matter be dismissed with prejudice to the Plaintiff and at the cost of the Plaintiff.

**DATED: April 14, 2026**.

Respectfully submitted,

BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC
Attorney for Defendant,

**SATJIT ADLAKHA, M.D.**

BY: /s/ *Jessica B. McNeel*
    **JOHN A. BANAHAN (MSB 1731)**
    **JESSICA B. McNEEL (MSB 102674)**

**CERTIFICATE OF SERVICE**

I, **JESSICA B. McNEEL**, one of the attorneys for the Defendant, **SATJIT ADLAKHA, M.D.**, do hereby certify that I have this date electronically filed the foregoing <u>Answer to Complaint</u> with the Clerk of Court using the MEC system which sent notification of such filing to all counsel of record.

**DATED: April 14, 2026.**

BY: /s/ *Jessica B. McNeel*
    **JOHN A. BANAHAN (MSB 1731)**
    **JESSICA B. McNEEL (MSB 102674)**

**BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC**
1103 Jackson Avenue (39567)
Post Office Drawer 1529
Pascagoula, MS 39568-1529
Telephone No.  (228) 762-6631
Fax No.  (228)769-6392
john@bnscb.com
jesscia@bnscb.com